UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

RICHARD JACKSON,
    Plaintiff,
v.                              Case No.: 4:14-cv-548
FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,
    Defendants.
                                       /

## JACKSON'S MOTION TO COMPEL

Plaintiff Richard Jackson moves the Court to compel the Defendants to produce requested documents and to deem admitted the unobjected requests for admissions:

On January 20, 2015, Jackson propounded written discovery requests to the Defendants.  He asked the Defendants to produce 17 categories of documents and admit 14 admissions.  Included among the request was a request to produce the documents identified by the Defendants in their initial disclosures, which have not been produced.  The Defendants' response was due on February 23, 2015.  On February 24, 2015, Jackson had received from the Defendants neither a response to his written discovery requests nor a request for enlargement of time in which to answer.  Jackson inquired of the Defendants' position about a motion to compel and when they would respond to the written discovery requests.  Defendants have indicated that they will respond to the discovery requests no later than March 6, 2015.  Jackson has propounded a second set of written discovery requests due

March 11, 2015, and the Defendants have not indicated whether they will need additional time to respond to this second set.

Expert disclosures are due April 3, 2015. Joint Rule 26(f) Report (DE 25), ¶ 6(c). Discovery closes on May 29, 2015. Scheduling Order (DE 27), ¶ 2. Plaintiff needs the written discovery responses to determine if and what kind of expert he may need to retain, share the materials with a prospective expert, and to identify and prepare for depositions. The Defendants' nearly two week delay presents an unnecessary burden for Jackson to comply with the Court's schedule. Further delay is unwarranted.

Jackson faces a dilemma common to most parties who have not received requested written discovery. On the one hand, Jackson hopes that the Defendants will respond to the discovery requests and produce the requested records no later than their proposed extended date. Jackson wishes to avoid filing a motion to compel and Jackson does not wish to involve unnecessarily the Court. Indeed, the Defendants have promised to respond to the discovery requests and produce the requested records before the expiration of the 17 days in which they have to respond to this very motion. However, on the other hand, without a motion to compel, Jackson is left only to hope he will receive the requested discovery as

promised.[1]  If the Defendants do not comply with their own proposed response date, then Jackson will be in the same situation he is in today, only two weeks later.  He will again be faced with the dilemma of whether to move to compel discovery or wait a few more days in the hopes that the Defendants come through as promised.

Jackson's solution to this dilemma is to file a motion to compel now with the understanding that it may be rendered partially moot or with drawn.  In this way, the Defendants will either respond to the discovery as promised or explain why in

---

[1] Given the Defendants have missed deadlines for answering the complaint and made several motions for enlargement to answer the complaint, Jackson's confidence in the Defendants is shaken:

Jackson filed the complaint on Oct. 16, 2014, and served it on the Florida Department of Corrections (FDOC) on Oct. 23, 2014.  The FDOC's answer was due on Nov. 13, 2014.  On Nov. 14, 2014, when the FDOC had not filed an answer, Jackson inquired when it would.  The FDOC requested an additional 21 days to file an answer and Jackson did not oppose this enlargement.

At the expiration of that 21 day enlargement, on Dec. 5, 2014, Jackson again inquired when the FDOC would answer the complaint.  The FDOC requested until Dec. 19, 2014, to answer the complaint and Jackson did not oppose this enlargement.  *See* Mot. for Enlargement (DE 15).

On Dec. 19, 2014, the FDOC requested until Dec. 29, 2014, to answer the complaint and Jackson did not oppose this enlargement.  *See* Mot. for Second Enlargement (DE 18).  And on Dec. 29, 2014, the FDOC answered the complaint.

Jackson served the other defendants between Dec. 31, 2014, and Jan. 6, 2015.  The answers were due between Jan. 21 and Jan. 27, 2015.  On Jan. 21, 2015, the other defendants requested until Jan. 30, 2015, to answer the complaint and Jackson did not oppose this enlargement.  *See* Mot. for Enlargement (DE 22).

response to this motion.  Yet, in either case, the Defendants will act within a couple of weeks and the delay will be minimized.

WHEREFORE Jackson requests that the Court (A) immediately order the Defendants to respond no later than March 6, 2015, to the written discovery requests and produce the requested documents and (B) after receiving the Defendants' response to this motion, deem the unobjected admissions admitted pursuant to Rule 36(a)(3).

## N.D. Fla. Loc. R. 7.1(B) Conference Compliance

Plaintiff's counsel has consulted opposing counsel with respect to this motion. The Defendants oppose the motion as unnecessary because they content they will provide the responses and requested documents no later than March 6, 2015.

## Certificate of Service

I HEREBY CERTIFY that I electronically filed today the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered for this case, including any opposing counsel that have appeared.

Dated:	February 25, 2015

**Respectfully Submitted,**

| | s/Benjamin James Stevenson |
|---|---|
| **Dante P. Trevisani** | **Benjamin James Stevenson** |
| Fla. Bar No. 72912 | Fla. Bar. No. 598909 |
| DTrevisani@FloridaJusticeInstitute.org | ACLU Found. of Fla. |
| **Randall C. Berg, Jr.** | P.O. Box 12723 |
| Fla. Bar No. 318371 | Pensacola, FL  32591-2723 |
| RBerg@FloridaJusticeInstitute.org | T. 786.363.2738 |
| Florida Justice Institute, Inc. | BStevenson@aclufl.org |
| 100 SE Second St., Ste. 3750 | |
| Miami, FL 33131-2115 | **Nancy Abudu** |
| T. 305.358.2081 | Fla. Bar. No. 111881 |
| F. 305.358.0910 | ACLU Found. of Fla. |
| | 4500 Biscayne Blvd., Ste. 340 |
| | Miami, FL 33137 |
| | T. 786.363.2700 |
| | NAbudu@aclufl.org |

*Counsel for Plaintiff*